UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MAX S. COPE, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 5:19-cv-00776-MHH |
| } | |
| KAY IVEY, ALABAMA } | |
| DEPARTMENT OF REVENUE, } | |
| and VERNON BARNETT, } | |
| } | |
| Defendants. | |

**MEMORANDUM OPINION**

In its July 23, 2019 order, the Court asked *pro se* plaintiff Max S. Cope to file an amended complaint alleging facts "that enable him to avoid the Tax Injunction Act." (Doc. 5). In response, Mr. Cope filed an amended complaint, alleging that he has been fighting with the Alabama Department of Revenue since 2009, that tax assessments occurred in 2014 and 2015, and that he filed suit in the Montgomery County Circuit Court in 2017. (Doc. 11, p. 1; Doc. 1, p. 8). These facts, Mr. Cope contends, show that the state "tax assessments have been anything but speedy nor [sic] plain" and that the Tax Injunction Act should not deprive this Court of jurisdiction. (Doc. 11, p. 1). For the reasons stated below, the Court concludes that it lacks jurisdiction and dismisses Mr. Cope's case without prejudice.

1

The Tax Injunction Act, 28 U.S.C. § 1341, provides that federal district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Hibbs v. Winn*, 542 U.S. 88, 107 (2004). Under the TIA, the Court may not decide Mr. Cope's case if two conditions exist: (1) the relief requested by Mr. Cope would enjoin, suspend, or restrain a state tax assessment; and (2) the state of Alabama gives Mr. Cope a plain, speedy, and efficient remedy.

Starting with the type of relief requested, in his amended complaint, Mr. Cope no longer seems to expressly request injunctive relief to prevent the state of Alabama from assessing taxes against him. (Doc. 11, p. 2) ("I should not have filed this case based on an injunction . . . .")). To the extent that Mr. Cope still seeks an injunction, such a request "plainly constitutes the type of relief that would enjoin, suspend, or restrain a tax assessment and thus meets the first requirement of the TIA bar." *Kelly v. Ala. Dep't of Revenue*, 638 Fed. Appx. 884, 889 (11th Cir. 2016).

The relief that Mr. Cope requests is tantamount to injunctive relief. Mr. Cope contends that the State of Alabama fraudulently collected taxes from him and that he wants to "file suit for monies to be refunded after the tax is paid" and "monies held from [his] federal refunds." (Doc. 11, p. 3). The Eleventh Circuit has concluded that the TIA and principles of comity "bar[] claims for damages because a monetary award against the state or its tax administrators would have the same

detrimental effect on the state as equitable relief, and would dampen state tax collectors." *Kelly*, 638 Fed. Appx. at 889 (citing *A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1133 (5th Cir. 1980)).[1]

Thus, Mr. Cope effectively is seeking relief that would enjoin, suspend, or restrain a tax assessment. All of Mr. Cope's claims against the defendants arise from an allegedly wrongful assessment of state income taxes by the Alabama Department of Revenue and a later failure of Alabama Department of Revenue employees to fix that error. Granting Mr. Cope monetary relief for either reason would require this Court to interfere with Alabama's tax system. Thus, the TIA bar applies to Mr. Cope's case if Alabama meets "certain minimal procedural" requirements and gives Mr. Cope a "plain, speedy, and efficient" remedy. *See California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982); *Amos v. Glynn Cty. Bd. of Tax Assessors*, 347 F.3d 1249, 1256 (11th Cir. 2003).

In general, a "plain, speedy and efficient remedy" requires a state court to give the taxpayer "a full hearing and judicial determination at which []he may raise any and all constitutional objections to the tax." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1244 (11th Cir. 1991). Under Alabama law, taxpayers have the right to petition for a refund of taxes paid to the state, appeal the denial of such petitions to

---

[1] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down on or before September 30, 1981.

3

the Alabama circuit courts, and raise federal constitutional challenges to state taxes in those same courts. *See* Ala. Code § 40-2A-7(b)(5) (2013); *AT&T Corp. v. Surtees*, 953 So. 2d 1240, 1243–46 (Ala. Civ. App. 2006) (overturning the trial court's dismissal of the plaintiff's constitutional claims against an Alabama state tax assessment). When tax assessments were entered against him, Mr. Cope had the right, under Alabama Code § 40-2A-7(b)(5), to appeal a final assessment to an appropriate Alabama state circuit court within 30 days. Ala. Code § 40-2A-7(b)(5). This appeals process has been deemed adequate to provide a "plain, speedy and efficient remedy" for Tax Injunction Act purposes. *Kelly*, 638 Fed. Appx. at 891 (citing *Lasker Boiler & Eng'g Corp. v. Hamm*, 328 F.2d 429, 429–30 (5th Cir. 1964)); *see also Gibson v. Gaines*, 2006 WL 858336 *2 (11th Cir. April 4, 2006).

Therefore, the Court concludes that the relief requested by Mr. Cope would enjoin, suspend, or restrain a state tax assessment and that the state of Alabama gives Mr. Cope a plain, speedy, and efficient remedy. Consequently, because it may not provide relief to Mr. Cope under the Tax Injunction Act, the Court dismisses Mr. Cope's case without prejudice.

The Court acknowledges Mr. Cope's statement indicating his ability and willingness to pay the required filing fee to proceed without an *in forma pauperis* designation. (Doc. 10, p. 1). Because the Court is dismissing his lawsuit without prejudice, Mr. Cope may file a new action in federal court should Mr. Cope allege a

viable claim under the Tax Injunction Act, and Mr. Cope may pursue his constitutional challenges to his tax assessments in an Alabama state court. *See Surtees*, 953 So. 2d at 1243–46 (overturning the trial court's dismissal of the plaintiff's constitutional claims against an Alabama state tax assessment). The Court understands Mr. Cope's frustration with the available state processes, but, as stated, under the Tax Injunction Act, those processes are adequate to deprive this Court of its ability to consider Mr. Cope's claims on the record in this case. *Kelly*, 638 Fed. Appx. at 891.

The Court will enter a separate order closing this case. The Court asks the Clerk to please mail a copy of this order to Mr. Cope's address of record.

**DONE** and **ORDERED** this November 1, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE